| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | : SS | |
| COUNTY OF CODINGTON | ) | THIRD JUDICIAL CIRCUIT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WURTH ELECTRONICS MIDCOM, INC. <br> A Delaware Corporation, | CIV. |
| Plaintiff, | SUMMONS |
| vs. | |
| DIGITAL LIGHT, LLC, a California Limited <br> Liability Company; DIGITAL LIGHT, Ltd., a <br> Hong Kong Company, LEMNIS, INC., a <br> Delaware Corporation; LEMNIS LIGHTING, <br> B.V., a Dutch Company; and STEVEN NIA, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS,
GREETINGS:

You, and each of you, are hereby summoned and required to answer the Complaint of the

Plaintiff in the above entitled action, a copy of which said Complaint is hereunto annexed and

herewith served upon you, and to serve a copy of your Answer to said Complaint upon the

subscribers, Davenport, Evans, Hurwitz & Smith, L.L.P., at their office at P.O. Box 1030, 206

West 14th Street, in the City of Sioux Falls, Minnehaha County, South Dakota, within thirty (30)

days after the service of this Summons upon you, exclusive of the day of such service; and you,

and each of you, will hereby take notice that in case of your failure to answer said Complaint,

judgment by default may be rendered against you as requested in the said Complaint.



EXHIBIT

C

Dated at Sioux Falls, South Dakota, this 2nd day of December, 2009.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Vince M. Roche
206 West 14th Street
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

2

| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | : SS | |
| COUNTY OF CODINGTON | ) | THIRD JUDICIAL CIRCUIT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WURTH ELECTRONICS MIDCOM, INC.
A Delaware Corporation,

            Plaintiff,

      vs.

DIGITAL LIGHT, LLC, a California Limited
Liability Company; DIGITAL LIGHT, Ltd., a
Hong Kong Company, LEMNIS, INC., a
Delaware Corporation; LEMNIS LIGHTING,
B.V., a Dutch Company; and STEVEN NIA,

        Defendants.

CIV.

**COMPLAINT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

      Plaintiff Wurth Electronics Midcom, Inc. ("Wurth"), as and for its complaint against

Digital Light, LLC, Digital Light, Ltd., Lemnis, Inc., Lemnis Lighting, B.V. and Steven Nia

(collectively, "Defendants"), states and alleges as follows:

      1.     Plaintiff is a Delaware corporation with its principal place of business in

Watertown, South Dakota.  Plaintiff is a designer and producer of, among other things,

transformers, inductors and chokes.

      2.     Defendant Digital Light, LLC is a California limited liability company with its

principal place of business in Los Angeles, California.

      3.     Defendant Digital Light, Ltd. is a Hong Kong company with, on information and

belief, its principal place of business in Hong Kong.  Hereinafter, Digital Light, LLC and Digital

Light, Ltd. are referred to as "Digital Light" unless otherwise noted.

4.      On information and belief, Steven Nia is a resident of California and the owner of Digital Light. On information and belief, Digital Light, LLC and Digital Light, Ltd. are the alter-egos of one another and, in turn, of Steven Nia.

5.      On information and belief, Lemnis, Inc. is a Delaware corporation, is the American operating subsidiary of Lemnis Lighting, B.V., and has its principal place of business in San Francisco, California.

6.      Lemnis Lighting, B.V. is a Dutch company, and is a subsidiary of Tendris Holding Company. On information and belief, Lemnis Lighting, B.V.'s principal place of business is in the Netherlands. Hereinafter, Lemnis Lighting, Inc. and Lemnis Lighting, B.V. are referred to as "Lemnis" unless otherwise noted.

7.      According to a May 6, 2009 press release issued by Digital Light and Lemnis, "Lemnis Lighting, [sic][1] Inc. [is a] leader in LED lighting innovations, and Digital Light, LLC [is a] leading global supplier of LED lighting."

8.      The May 6, 2009 press release announced "a new partnership to strengthen LED lighting offerings for consumer and industrial users around the world." (*Id.* (emphasis added).) Warner Philips, the founder of Lemnis, was quoted in the press release as saying that "[w]e anticipate that this partnership around manufacture and distribution will provide new outlets and possibilities to support the rapid growth of high-quality energy-efficient lighting." (*Id.* (emphasis added).)

9.      The LED lights offered by the Digital Light/Lemnis partnership are marketed under the brand-name Pharox. Hereinafter, the Digital Light/Lemnis partnership is referred to as the "Pharox Partnership."

2

10.    Pharox light bulb packages display the logos of both Lemnis and Digital Light.

11.    As part of the Pharox project, agents of Lemnis, Inc. and Lemnis Lighting, B.V.

solicited Wurth to design two parts for use in LED light bulbs such as the Pharox.  One such part

was a thumbnail-sized transformer, and the other was an inductor.

12.    The extensive design work for the parts requested from Wurth was expected by

all parties to be, and was, in fact, performed in Watertown, South Dakota.  The parts were then

manufactured in China pursuant to Wurth's designs.

13.    Lemnis requested that Wurth make delivery of finished product to Digital Light.

14.    Negotiations over the purchase price and other terms, however, were conducted

between Wurth and Lemnis, without the involvement of Digital Light.

15.    Following negotiations with Lemnis, Wurth received purchase orders, for exact

quantities of product, from Digital Light, beginning in January of 2009.

16.    In response to the purchase orders from Digital Light, Wurth would issue invoices

to Digital Light, LLC and send them to Steven Nia in Los Angeles.

17.    Initially, Wurth's invoices were paid, albeit not always on time.  As these delays

turned into non-payments, Wurth began to pressure Nia for payment.  Nia would always assure

Wurth that payment was forthcoming.

18.    For example, on July 2, 2009, Nia e-mailed Wurth, stating: "I am sorry for some

delay in payments the past couple of weeks. . . . There was an all around delay in payments,

including ours from the customer, for a number of reasons.  However, things are now back on

track and I will make sure that you get one immediate payment as well as another payment next

week."

---

[1] According to a search of the California Secretary of State's records, it appears that a corporation known as Lemnis Lighting, Inc. is now inactive and was replaced by Lemnis, Inc.

19. In a July 24, 2009 e-mail, Nia begged Wurth to not discontinue shipments, and promised that payments would be made on time in the future.

20. Lemnis, too, encouraged Wurth not to stop shipments in light of Digital Light's late and non-payments. For example, on July 14, Lemnis emailed Wurth and assured Wurth that Lemnis would "transfer a.s.a.p. a substantial amount of money" to Digital Light so that it could pay its debts to Wurth. Thereafter, Digital Light did make a substantial payment to Wurth, which, on information and belief, was made with money transferred to Digital Light by Lemnis. This conduct assured Wurth that if Digital Light was unable to make payments in the future, Lemnis would step in and pay the amounts owed.

21. Lemnis also directed Wurth on when and where to ship product, and urged Wurth to ship product to Digital Light, rather than Prolink, who was another manufacturer which used Wurth's transformers and inductors in creating product for Lemnis. On August 20, 2009, for example, Lemnis emailed Wurth as follows: "I would like Wurth [to] focus again on the deliveries to Digital Light. It would be of great help [if] Digital Light would receive a.s.a.p. new deliveries . . . Lemnis is aware of an additional order from Prolink of 200K but this order has a lower priority at the moment."

22. In reliance on these and other promises, assurances and representations, Wurth continued to ship product to Digital Light in August and September of 2009, but payment was not forthcoming.

23. Finally, at the end of September of 2009, Wurth placed a stop order on further deliveries of product for the Pharox project.

24. On October 2, 2009, following further prodding by Wurth, Nia e-mailed Wurth and told it that there was "no need to be nervous" regarding the lack of payment.

4

25.     As it turned out, there was plenty of reason to be nervous, because soon after this October 2 e-mail, Nia essentially disappeared. He would not return voicemails or emails from Wurth, and neither Digital Light nor Lemnis made any further payments.

26.     As of November 1, 2009, there was a total of $394,353.28 principal balance due and owing on product provided as reflected on Wurth Invoice Nos. R09US003922 (partially paid), R09US006094, R09US006260, R09US006385, R09US006559, R09US6739, R09US006964, R09US009122, R09US009316 and R09US009444.

## COUNT ONE
### (For Breach Of Contract -- Against Lemnis And Digital Light)

27.     Plaintiff incorporates and re-alleges paragraphs 1 - 26, above.

28.     Digital Light, LLC and Lemnis, Inc. were partners in the Pharox Partnership, and at all relevant times in their respective dealings with Wurth were acting as agents of said partnership.

29.     The Pharox Partnership had a contract with Wurth for the purchase of transformers and inductors, which Wurth has performed.

30.     The Pharox Partnership, however, has failed to pay Wurth for goods delivered pursuant to that contract, thereby damaging Wurth.

31.     As partners, Digital Light, LLC and Lemnis, Inc. are jointly and severally liable for the debts of the partnership, including the debt owed to Wurth. If and to the extent a formal partnership did not exist, then Digital Light, LLC, Digital Light, Ltd., Lemnis, Inc. and Lemnis Lighting, B.V. are nonetheless liable to Wurth under the principles of implied authority, apparent authority and/or estoppel.

5

## COUNT TWO
### (Breach of Contract – Against Digital Light and Lemnis)

32.     Plaintiff incorporates paragraphs 1 - 26, above.

33.     This Count is brought in the alternative to Count One, if and to the extent that
there was no partnership between Digital Light and Lemnis.

34.     Wurth and Digital Light, LLC were parties to a contract for the design and
manufacture of transformers and inductors for the Pharox project.

35.     Wurth performed under this contract by designing, manufacturing and delivering
transformers and inductors for use in the Pharox project.

36.     Digital Light, LLC, however, has breached the parties' contract by failing and
refusing to pay Wurth for its product, thereby damaging Wurth.

37.     At all relevant times, Digital Light was acting as the actual, ostensible or apparent
agent of Lemnis, Inc. and Lemnis Lighting, B.V., which entities are therefore liable on the
contract to the same extent as Digital Light, LLC.

## COUNT THREE
### (Unjust Enrichment – Against Lemnis)

38.     Plaintiff incorporates paragraphs 1 - 26, above.

39.     This Count is brought in the alternative to Count One and Count Two.

40.     To the extent that Lemnis, Inc. or Lemnis Lighting, B.V. has received a benefit
from product delivered by Wurth for which neither Lemnis, Inc. nor Lemnis Lighting, B.V. has
made a payment, then Lemnis has been unjustly enriched and it would be inequitable for Lemnis,
Inc. and/or Lemnis Lighting, B.V. to retain said benefit without also making Wurth whole.

41.     On information and belief, there have been Wurth products ultimately delivered to
Lemnis, Inc. and/or Lemnis Lighting, B.V. for which neither has made any payment.

## COUNT FOUR
### (Fraud and Deceit – Against Steven Nia)

42.     Plaintiff incorporates paragraphs 1 - 41, above.

43.     Nia made multiple representations that payments would be made, including the above-described representations, with the intention that Wurth would act and rely upon them, and knowing that they were false.

44.     Wurth did, in fact, reasonably rely on Nia's representations in designing, manufacturing and delivering transformers and inductors for use in the Pharox project.

45.     Wurth was damaged by its reliance on Nia's fraudulent representations.

46.     Nia's conduct was willful, wanton, malicious, outrageous and with reckless disregard for the law, thereby entitling Wurth to an award of punitive and exemplary damages against Nia.

## COUNT FIVE
### (Negligent Misrepresentation – Against Lemnis)

47.     Plaintiff incorporates Paragraphs 1 - 46, above.

48.     Through the above-described press release and other communications, agents of Lemnis, Inc. and Lemnis Lighting, B.V. led Wurth to believe that Digital Light was a "leading" developer of LED light bulbs and was otherwise an established and trustworthy entity for Wurth to do business with.

49.     In fact, Lemnis had reason to know that it was using Digital Light in an attempt to insulate itself from liability to Wurth and that Digital Light was not a trustworthy, leading or well-established entity.

7

50.     By overstating and misrepresenting Digital Light's stability and standing in the manufacturing and development industry, Lemnis intended to and did induce reliance by Wurth in the form of Wurth's agreement to deal with Digital Light.

51.     Wurth justifiably relied upon Lemnis's representations regarding Digital Light, and was damaged as a result to the extent of its unpaid invoices described in detail above.

WHEREFORE, Plaintiff prays for relief as follows:

1.     That Plaintiff have and recover from Defendants its incidental, consequential, general, special and actual damages in an amount to be determined by the jury at trial, but in no event less than $394,353.28;

2.     That Plaintiff have and recover punitive damages against Steven Nia in an amount to be determined by the jury at trial; and

3.     That Plaintiff recover costs, disbursements, expenses, pre- and post-judgment interest and attorneys' fees as well as receive such other and further relief as deemed just and equitable.

**PLAINIFF DEMANDS A TRIAL BY JURY**

**ON ALL SUCH ISSUES AND CLAIMS SO TRIABLE**

Dated at Sioux Falls, South Dakota, this 2nd day of December, 2009.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Vince M. Roche
206 West 14th Street
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

P. DANIEL DONOHUE
DAVID L. KNUDSON
EDWIN E. EVANS
ROBERT E. HAYES
CHARLES D. GULLICKSON
SARAH RICHARDSON LARSON
MONTE R. WALZ
THOMAS M. FRANKMAN
RICK W. ORR
TIMOTHY M. GEBHART
JONATHAN P. BROWN
SUSAN BRUNICK SIMONS
CATHERINE A. TANCK
ROBERTO A. LANGE
CHERYLE WIEDMEIER GERING
SCOTT B. ANDERSON
MARK W. HAIGH
DIXIE K. HIEB
SANDRA K. HOGLUND HANSON
KEITH A. GAUER
KRISTI GEISLER HOLM
MELISSA C. HINTON
DOUGLAS J. HAJEK

## DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

### LAWYERS

206 WEST 14TH STREET

P.O. Box 1030

SIOUX FALLS, SOUTH DAKOTA 57101-1030

TELEPHONE (605) 336-2880

FAX (605) 335-3639

www.dehs.com

ROBERT L. THOMAS
BRENDAN W. REILLY
ERIC C. SCHULTE
MATTHEW W. McNAMEE
MITCHELL A. PETERSON
ERIC R. JOHNSON
TIFFANY M. MILLER
DAVID L. REZAC
AMANDA M. SMITH
VINCE M. ROCHE
SHANE E. EDEN
ANTHONY M. HOHN

OF COUNSEL
LOUIS R. HURWITZ
JEAN H. BENDER

HOLTON DAVENPORT
1892-1966
ELLSWORTH E. EVANS
1903-1998
DEMING SMITH
1920-1996

December 4, 2009

Writer's Direct Dial Number: 357-1250
e-mail: vroche@dehs.com

## VIA REGISTERED MAIL

Lemnis Lighting B.V.
Remmingweg 2-4
1332 BE Almere
The Netherlands

> **RE:** *Wurth Electronics Midcom, Inc. A Delaware Corporation v. Digital Light, LLC, A California Limited Liability Company, Digital Light, Ltd., a Hong Kong Company, Lemnis, Inc., a Delaware Corporation; Lemnis Lighting, B.V., a Dutch Company and Steven Nia*

Lemnis Lighting B.V.:

Please find enclosed a Summons and Complaint with regard to the above-referenced matter. Please consider this as service upon you.

Sincerely,

VINCE M. ROCHE
For the Firm

VMR: cm
Enclosures

December 4, 2009
Page 2

      bcc:    Denis Giba (Denis.Giba@we-online.de)
             Steve Kennedy (Steve.Kennedy@we-online.com)

| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
|---|---|---|
| | : SS | |
| COUNTY OF CODINGTON | ) | THIRD JUDICIAL CIRCUIT |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WURTH ELECTRONICS MIDCOM, INC.    \*            CIV.
A Delaware Corporation,                        \*
                                               \*
           Plaintiff,                          \*      **SUMMONS**
                                               \*
     vs.                                       \*
                                               \*
DIGITAL LIGHT, LLC, a California Limited   \*
Liability Company; DIGITAL LIGHT, Ltd., a  \*
Hong Kong Company, LEMNIS, INC., a         \*
Delaware Corporation; LEMNIS LIGHTING,     \*
B.V., a Dutch Company; and STEVEN NIA,     \*
                                               \*
           Defendants.                         \*
                                               \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THE STATE OF SOUTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS, GREETINGS:

You, and each of you, are hereby summoned and required to answer the Complaint of the Plaintiff in the above entitled action, a copy of which said Complaint is hereunto annexed and herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscribers, Davenport, Evans, Hurwitz & Smith, L.L.P., at their office at P.O. Box 1030, 206 West 14th Street, in the City of Sioux Falls, Minnehaha County, South Dakota, within thirty (30) days after the service of this Summons upon you, exclusive of the day of such service; and you, and each of you, will hereby take notice that in case of your failure to answer said Complaint, judgment by default may be rendered against you as requested in the said Complaint.

Dated at Sioux Falls, South Dakota, this _2nd_ day of December, 2009.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Vince M. Roche
206 West 14th Street
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

2

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | : SS | |
| COUNTY OF CODINGTON | ) | THIRD JUDICIAL CIRCUIT |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| WURTH ELECTRONICS MIDCOM, INC.<br>A Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL LIGHT, LLC, a California Limited<br>Liability Company; DIGITAL LIGHT, Ltd., a<br>Hong Kong Company, LEMNIS, INC., a<br>Delaware Corporation; LEMNIS LIGHTING,<br>B.V., a Dutch Company; and STEVEN NIA,<br><br>Defendants. | CIV.<br><br>**COMPLAINT** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Wurth Electronics Midcom, Inc. ("Wurth"), as and for its complaint against

Digital Light, LLC, Digital Light, Ltd., Lemnis, Inc., Lemnis Lighting, B.V. and Steven Nia

(collectively, "Defendants"), states and alleges as follows:

1.      Plaintiff is a Delaware corporation with its principal place of business in

Watertown, South Dakota.  Plaintiff is a designer and producer of, among other things,

transformers, inductors and chokes.

2.      Defendant Digital Light, LLC is a California limited liability company with its

principal place of business in Los Angeles, California.

3.      Defendant Digital Light, Ltd. is a Hong Kong company with, on information and

belief, its principal place of business in Hong Kong.  Hereinafter, Digital Light, LLC and Digital

Light, Ltd. are referred to as "Digital Light" unless otherwise noted.

4. On information and belief, Steven Nia is a resident of California and the owner of Digital Light. On information and belief, Digital Light, LLC and Digital Light, Ltd. are the alter-egos of one another and, in turn, of Steven Nia.

5. On information and belief, Lemnis, Inc. is a Delaware corporation, is the American operating subsidiary of Lemnis Lighting, B.V., and has its principal place of business in San Francisco, California.

6. Lemnis Lighting, B.V. is a Dutch company, and is a subsidiary of Tendris Holding Company. On information and belief, Lemnis Lighting, B.V.'s principal place of business is in the Netherlands. Hereinafter, Lemnis Lighting, Inc. and Lemnis Lighting, B.V. are referred to as "Lemnis" unless otherwise noted.

7. According to a May 6, 2009 press release issued by Digital Light and Lemnis, "Lemnis Lighting, [sic][1] Inc. [is a] leader in LED lighting innovations, and Digital Light, LLC [is a] leading global supplier of LED lighting."

8. The May 6, 2009 press release announced "a new partnership to strengthen LED lighting offerings for consumer and industrial users around the world." (*Id.* (emphasis added).) Warner Philips, the founder of Lemnis, was quoted in the press release as saying that "[w]e anticipate that this partnership around manufacture and distribution will provide new outlets and possibilities to support the rapid growth of high-quality energy-efficient lighting." (*Id.* (emphasis added).)

9. The LED lights offered by the Digital Light/Lemnis partnership are marketed under the brand-name Pharox. Hereinafter, the Digital Light/Lemnis partnership is referred to as the "Pharox Partnership."

10. Pharox light bulb packages display the logos of both Lemnis and Digital Light.

11. As part of the Pharox project, agents of Lemnis, Inc. and Lemnis Lighting, B.V. solicited Wurth to design two parts for use in LED light bulbs such as the Pharox. One such part was a thumbnail-sized transformer, and the other was an inductor.

12. The extensive design work for the parts requested from Wurth was expected by all parties to be, and was, in fact, performed in Watertown, South Dakota. The parts were then manufactured in China pursuant to Wurth's designs.

13. Lemnis requested that Wurth make delivery of finished product to Digital Light.

14. Negotiations over the purchase price and other terms, however, were conducted between Wurth and Lemnis, without the involvement of Digital Light.

15. Following negotiations with Lemnis, Wurth received purchase orders, for exact quantities of product, from Digital Light, beginning in January of 2009.

16. In response to the purchase orders from Digital Light, Wurth would issue invoices to Digital Light, LLC and send them to Steven Nia in Los Angeles.

17. Initially, Wurth's invoices were paid, albeit not always on time. As these delays turned into non-payments, Wurth began to pressure Nia for payment. Nia would always assure Wurth that payment was forthcoming.

18. For example, on July 2, 2009, Nia e-mailed Wurth, stating: "I am sorry for some delay in payments the past couple of weeks. . . . There was an all around delay in payments, including ours from the customer, for a number of reasons. However, things are now back on track and I will make sure that you get one immediate payment as well as another payment next week."

---

[1] According to a search of the California Secretary of State's records, it appears that a corporation known as Lemnis Lighting, Inc. is now inactive and was replaced by Lemnis, Inc.

3

19.     In a July 24, 2009 e-mail, Nia begged Wurth to not discontinue shipments, and promised that payments would be made on time in the future.

20.     Lemnis, too, encouraged Wurth not to stop shipments in light of Digital Light's late and non-payments. For example, on July 14, Lemnis emailed Wurth and assured Wurth that Lemnis would "transfer a.s.a.p. a substantial amount of money" to Digital Light so that it could pay its debts to Wurth. Thereafter, Digital Light did make a substantial payment to Wurth, which, on information and belief, was made with money transferred to Digital Light by Lemnis. This conduct assured Wurth that if Digital Light was unable to make payments in the future, Lemnis would step in and pay the amounts owed.

21.     Lemnis also directed Wurth on when and where to ship product, and urged Wurth to ship product to Digital Light, rather than Prolink, who was another manufacturer which used Wurth's transformers and inductors in creating product for Lemnis. On August 20, 2009, for example, Lemnis emailed Wurth as follows: "I would like Wurth [to] focus again on the deliveries to Digital Light. It would be of great help [if] Digital Light would receive a.s.a.p. new deliveries . . . Lemnis is aware of an additional order from Prolink of 200K but this order has a lower priority at the moment."

22.     In reliance on these and other promises, assurances and representations, Wurth continued to ship product to Digital Light in August and September of 2009, but payment was not forthcoming.

23.     Finally, at the end of September of 2009, Wurth placed a stop order on further deliveries of product for the Pharox project.

24.     On October 2, 2009, following further prodding by Wurth, Nia e-mailed Wurth and told it that there was "no need to be nervous" regarding the lack of payment.

4

25. As it turned out, there was plenty of reason to be nervous, because soon after this October 2 e-mail, Nia essentially disappeared. He would not return voicemails or emails from Wurth, and neither Digital Light nor Lemnis made any further payments.

26. As of November 1, 2009, there was a total of $394,353.28 principal balance due and owing on product provided as reflected on Wurth Invoice Nos. R09US003922 (partially paid), R09US006094, R09US006260, R09US006385, R09US006559, R09US6739, R09US006964, R09US009122, R09US009316 and R09US009444.

## COUNT ONE
### (For Breach Of Contract -- Against Lemnis And Digital Light)

27. Plaintiff incorporates and re-alleges paragraphs 1 - 26, above.

28. Digital Light, LLC and Lemnis, Inc. were partners in the Pharox Partnership, and at all relevant times in their respective dealings with Wurth were acting as agents of said partnership.

29. The Pharox Partnership had a contract with Wurth for the purchase of transformers and inductors, which Wurth has performed.

30. The Pharox Partnership, however, has failed to pay Wurth for goods delivered pursuant to that contract, thereby damaging Wurth.

31. As partners, Digital Light, LLC and Lemnis, Inc. are jointly and severally liable for the debts of the partnership, including the debt owed to Wurth. If and to the extent a formal partnership did not exist, then Digital Light, LLC, Digital Light, Ltd., Lemnis, Inc. and Lemnis Lighting, B.V. are nonetheless liable to Wurth under the principles of implied authority, apparent authority and/or estoppel.

5

## COUNT TWO
### (Breach of Contract – Against Digital Light and Lemnis)

32.    Plaintiff incorporates paragraphs 1 - 26, above.

33.    This Count is brought in the alternative to Count One, if and to the extent that
there was no partnership between Digital Light and Lemnis.

34.    Wurth and Digital Light, LLC were parties to a contract for the design and
manufacture of transformers and inductors for the Pharox project.

35.    Wurth performed under this contract by designing, manufacturing and delivering
transformers and inductors for use in the Pharox project.

36.    Digital Light, LLC, however, has breached the parties' contract by failing and
refusing to pay Wurth for its product, thereby damaging Wurth.

37.    At all relevant times, Digital Light was acting as the actual, ostensible or apparent
agent of Lemnis, Inc. and Lemnis Lighting, B.V., which entities are therefore liable on the
contract to the same extent as Digital Light, LLC.

## COUNT THREE
### (Unjust Enrichment – Against Lemnis)

38.    Plaintiff incorporates paragraphs 1 - 26, above.

39.    This Count is brought in the alternative to Count One and Count Two.

40.    To the extent that Lemnis, Inc. or Lemnis Lighting, B.V. has received a benefit
from product delivered by Wurth for which neither Lemnis, Inc. nor Lemnis Lighting, B.V. has
made a payment, then Lemnis has been unjustly enriched and it would be inequitable for Lemnis,
Inc. and/or Lemnis Lighting, B.V. to retain said benefit without also making Wurth whole.

41.    On information and belief, there have been Wurth products ultimately delivered to
Lemnis, Inc. and/or Lemnis Lighting, B.V. for which neither has made any payment.

6

## COUNT FOUR
### (Fraud and Deceit – Against Steven Nia)

42.     Plaintiff incorporates paragraphs 1 - 41, above.

43.     Nia made multiple representations that payments would be made, including the above-described representations, with the intention that Wurth would act and rely upon them, and knowing that they were false.

44.     Wurth did, in fact, reasonably rely on Nia's representations in designing, manufacturing and delivering transformers and inductors for use in the Pharox project.

45.     Wurth was damaged by its reliance on Nia's fraudulent representations.

46.     Nia's conduct was willful, wanton, malicious, outrageous and with reckless disregard for the law, thereby entitling Wurth to an award of punitive and exemplary damages against Nia.

## COUNT FIVE
### (Negligent Misrepresentation – Against Lemnis)

47.     Plaintiff incorporates Paragraphs 1 - 46, above.

48.     Through the above-described press release and other communications, agents of Lemnis, Inc. and Lemnis Lighting, B.V. led Wurth to believe that Digital Light was a "leading" developer of LED light bulbs and was otherwise an established and trustworthy entity for Wurth to do business with.

49.     In fact, Lemnis had reason to know that it was using Digital Light in an attempt to insulate itself from liability to Wurth and that Digital Light was not a trustworthy, leading or well-established entity.

7

50.    By overstating and misrepresenting Digital Light's stability and standing in the manufacturing and development industry, Lemnis intended to and did induce reliance by Wurth in the form of Wurth's agreement to deal with Digital Light.

51.    Wurth justifiably relied upon Lemnis's representations regarding Digital Light, and was damaged as a result to the extent of its unpaid invoices described in detail above.

WHEREFORE, Plaintiff prays for relief as follows:

1.    That Plaintiff have and recover from Defendants its incidental, consequential, general, special and actual damages in an amount to be determined by the jury at trial, but in no event less than $394,353.28;

2.    That Plaintiff have and recover punitive damages against Steven Nia in an amount to be determined by the jury at trial; and

3.    That Plaintiff recover costs, disbursements, expenses, pre- and post-judgment interest and attorneys' fees as well as receive such other and further relief as deemed just and equitable.

**PLAINIFF DEMANDS A TRIAL BY JURY**

**ON ALL SUCH ISSUES AND CLAIMS SO TRIABLE**

Dated at Sioux Falls, South Dakota, this __2nd__ day of December, 2009.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Vince M. Roche
206 West 14th Street
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Plaintiff*

8