

FILED
JUL 19 2010

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

******************************************************************

| | | |
|---|---|---|
| WURTH ELECTORNICS MIDCOM, INC., a South Dakota Corporation, | * * * * | CIV. 10-1002 |
| Plaintiff, | * * | |
| | * | ORDER AND |
| -vs- | * | OPINION |
| DIGITAL LIGHT, LLC; DIGITAL LIGHT, LTD; LEMNIS, INC.; LEMNIS LIGHTING, B.V.; AND STEVEN NIA, | * * * * * * | |
| Defendants. | * | |

******************************************************************

This matter is before the court on motion of defendants Digital Light, LLC, Digital Light, LTD., and Steven Nia (collectively, "Digital Light") to dismiss for lack of personal jurisdiction, by special appearance and pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. #18.) This motion has been fully briefed and is ripe for adjudication.

I.    **BACKGROUND**

    A.    **Legal Standard of Review**

A motion to dismiss for lack of personal jurisdiction is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 310 (8th Cir. 1992). "When a district court considers only affidavits or other written evidence in connection with a Rule 12(b)(2) motion, the plaintiff need only make a 'prima facie showing' of jurisdiction." Pope v. Elabo Gmbh, 588 F.Supp. 2d 1008, 1014 (D. Minn. 2008) (citing Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). To establish a prima facie case, a nonmoving plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state." Dever, 380 F.3d at 1072. "But the

1

plaintiff attempting to make a prima facie showing–like [a] defendant seeking dismissal–cannot rely on pleadings alone. Instead, the parties must present affidavits or other evidence outside of the pleadings." Pope, 588 F.Supp. 2d at 1014 (citing Block Indus v. DHJ Indus., Inc., 495 F.2d 256, 260 (8th Cir. 1974)). Factual evidence in affidavits and other evidence is weighed by the court as follows:

> We look at the facts relevant to the issue of jurisdiction in the light most favorable to [the plaintiff], give him the benefit of all reasonable inferences from these facts, and deny the motion to dismiss if the record, viewed in this way, raises any genuine issue of fact material to the issue of jurisdiction.

Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 310 (8th Cir. 1992).

Although the Eighth Circuit has not weighed in on how conflicting affidavits are resolved, I agree with Judge Bartlett's analysis below:

> The allegations in the Complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

Cantrell v. Extradition Corp. of Am., 789 F.Supp. 306, 308–09 (W.D. Mo. 1992) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)); Behagen v. Amateur Basketball Ass'n of U.S.A., 744 F.2d 731, 733 (10th Cir. 1984)). In other words, the defendants' relevant factual assertions in the affidavits can be included in this court's analysis at this preliminary stage, but only if they are uncontroverted by the plaintiff, and even then, they are viewed in a light most favorable to the plaintiff. Otherwise, all controverted facts must be resolved in favor of the plaintiff on this motion at this stage, and the motion must be denied if any genuine issue of material fact raised by the plaintiff indicates personal jurisdiction is proper before this court.

### B. Relevant Factual Background

Plaintiff, Wurth Electronics Midcom, Inc., is a South Dakota corporation (although originally erroneously described in the caption as a Delaware corporation) with its principle place

of business in Watertown, SD. (Complaint, Doc. #1-3, ¶ 1; Pl.'s Resp. Mot. to Dismiss, Doc. 30, p. 10 n.4.) Steven Nia is Chairman and CEO for Digital Light, LLC, is a director for Digital Light, LTD., and is a resident of California. (Nia Aff., Doc. # 19, ¶ 1.) Digital Light, LLC is organized under the laws of California, with a principle place of business in Los Angeles. (Id. at ¶ 2.) Digital Light, LTD. is a Hong Kong company with a principal place of business in Hong Kong. (Id. at ¶ 3.) Plaintiff brings this suit based upon an alleged breach of contract resulting from defendants' inability or refusal to pay for components, manufactured by plaintiff, and utilized by Digital Light to finish the Pharox LED light bulb. (Complaint, Doc. #1-3, ¶ 35; Memo to Support Motion to Dismiss, Doc. #21, p. 3.)

Digital Light had a business relationship with Lemnis Lighting, B.V., or Lemnis, Inc., or both (collectively, "Lemnis") before the transaction at issue. (Nia Aff., Doc. # 19, ¶ 15.) This relationship involved Digital Light manufacturing products designed by Lemnis, "as well as other LED products designed by Digital Light." (Id.)

Plaintiff developed the design for the transformers and inductors ("Pharox components") that comprise the LED products at the heart of this controversy in its Watertown, SD office. (Giba Aff., Doc. #31, ¶ 11.) At least initially in the Pharox transactions at issue ("Pharox project"), plaintiff directly transacted with Lemnis alone in obtaining purchase orders. (Giba Aff., Doc. #31, ¶ 3; Nia Aff., Doc. #19, ¶ 17). Digital Light admits that it first became involved in the Pharox project as a consignee of the first purchase order conveyed by Lemnis to plaintiff, tendered at some point in 2008. (Nia Aff., Doc. #19, ¶ 17.) Contrarily, plaintiff contends that although it received its first purchase orders from Lemnis, both Lemnis and Digital Light were partners in the Pharox project at some point during the time when plaintiff was designing the Pharox components, and that both Digital Light and Lemnis expected design of the Pharox components to occur in Watertown, SD. (Giba Aff., Doc. #31, ¶ 11.) Plaintiff's evidence of the existence of a partnership between Lemnis and Digital Light includes a May 6, 2009, press release. (Pl.'s Resp. Mot. to Dismiss, Doc. #30, pp. 6–7; Nia Reply Aff., Doc. #51, ¶ 1.) Digital Light argues in opposition that its relationship with Lemnis in crafting the Pharox bulb was not a partnership, but rather Digital Light was an "independent contracting distributor" for Lemnis in

3

its Pharox dealings. (Reply Mem. of Digital Light, Doc. #48, p. 9.)

Digital Light conveyed at least three purchase orders in its course of dealings with plaintiff, each of which provided the address of the plaintiff's German affiliate and the address of its headquarters, located in Watertown, SD. (Nia Aff., Doc. #19, Exs. B–D.) Plaintiff avers that invoices it sent to Digital Light, subsequent to the purchase orders, were provided on plaintiff's letterhead solely showing its Watertown, SD address. (Giba Aff., Doc. #31, ¶ 5.) Additionally, plaintiff asserts that the terms and conditions it provided to the court, announcing South Dakota law as governing these transactions, were included in the first invoice, dated April 21, 2009, and in all invoices it provided to Digital Light in its Pharox dealings. (Giba Aff., Doc. #31, ¶ 5 & Ex. 5, ¶ 10.) Both parties acknowledge that Digital Light directed payment to plaintiff, headquartered in South Dakota. (Giba Aff., Doc. #31, ¶ 5 & Ex. 4; Reply Mem. of Digital Light, Doc. #48, p. 14.) Plaintiff also asserts that Digital Light and Lemnis were agents of the alleged Pharox partnership. (Pl.'s Resp. Mot. to Dismiss, Doc. #30, pp. 6–7.) Digital Light contests this point. (Nia Aff., Doc. #19, ¶ 28.) As noted above, this court must resolve any conflicting factual interpretations in the plaintiff's favor.

### C. Procedural History

On December 2, 2009, this action was commenced in the Third Judicial Circuit of the State of South Dakota in the County of Codington. Plaintiff alleged two counts of breach of contract against both Lemnis and Digital Light (Complaint, Doc. 1-3, ¶¶ 27–37), and a count of fraud and deceit against Steven Nia (Id. at ¶¶ 42–46). Digital Light provided a Notice of Removal from said court and a Notice of Special Appearance on Feb. 12, 2010. Digital Light filed an affidavit (Doc. #19) and memorandum (Doc. #21) in support of this motion on the same day. A memorandum (Doc. #30) and affidavit (Doc. #31) in response to the motion was filed by plaintiff on March 3, 2010. Digital Light replied to plaintiff's memorandum and affidavit on March 17, 2010, with a memorandum (Doc. #48) and affidavit (Doc. #51).

## II. ANALYSIS

In order to properly assert jurisdiction over a nonresident defendant, this court must determine that personal jurisdiction exists under the forum state's long-arm statute and that the

4

exercise of personal jurisdiction is consistent with due process. Dever, 380 F.3d at 1073. As South Dakota's long-arm statute provides the "maximum protection of South Dakota courts" as allowed by the United States Constitution, see Block Indus., 495 F.2d at 259, our inquiry is limited to whether the exercise of personal jurisdiction comports with due process.

Due process requires that there be minimum contacts between the nonresident defendants and the forum state such that the assertion of personal jurisdiction is consistent with traditional notions of fair play and substantial justice. World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286, 291–92 (1980). "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994) (citation omitted). To support a finding of reasonable anticipation, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." Id. at 818–19 (citation omitted).

The Eighth Circuit has established a five-factor test for measuring a defendant's contacts with the forum state:

> [1] the nature and quality of defendant's contacts with the forum state; [2] the quantity of contacts; [3] the relation of the cause of action with those contacts; [4] the interest of the forum state in providing a forum for its residents; and [5] the convenience of the parties.

Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387–88 (8th Cir. 1995). "The last two factors are considered less important and are not determinative." Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002).

Although two theories exist for supporting the assertion of personal jurisdiction–general jurisdiction and specific jurisdiction–as outlined in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984), only specific jurisdiction is offered as plaintiff's theory for contesting this motion. (Pl.'s Resp. Mot. to Dismiss, Doc. #30, p. 4.) A case for general jurisdiction indeed lacks merit at this point, as plaintiff was unable to aver in its affidavits and exhibits that Digital Light had any connections that constitute continuous and systematic contacts

with South Dakota. By contrast, Digital Light, without challenge, specifically related its lack of continuous and systematic connections with South Dakota in its own affidavits. (Nia Aff., Doc. #19, ¶¶ 5–13; Memo to Support Motion to Dismiss, Doc. #21, pp. 9–10.) Specific jurisdiction is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

Digital Light's contacts with South Dakota, taken in the light most favorable to plaintiff, all arise from its Pharox dealings. Digital Light sent three purchase orders to plaintiff that provide plaintiff's address as Watertown, SD. Plaintiff, in turn, sent invoices to Digital Light with plaintiff's Watertown, SD address and its South Dakota choice-of-law provision. Five e-mail conversations transpired between plaintiff and Digital Light, with Digital Light instigating at least one of these conversations in its July 24, 2009, request for plaintiff to deliver Pharox components on time. Finally, although Digital Light contests plaintiff's dual assertions that Digital Light knew about and expected the design of Pharox components to occur in Watertown, SD, and that Digital Light and Lemnis were agents of the alleged Pharox partnership, this court must resolve all factual conflicts in favor of the plaintiff.

With respect to the first three of the five factors listed above, letters and telephone calls to the jurisdiction are not ordinarily sufficient by themselves to support the exercise of personal jurisdiction. Aylward v. Fleet Bank, 122 F.3d 616, 618 (8th Cir. 1977). Thus, the e-mails and invoices cited by the plaintiff are not dispositive when taken alone. However, one decisive inquiry is whether a defendant knew that the brunt of the injury would be felt by the plaintiff in the state in which the plaintiff "lives" and works and defendant intentionally targeted the forum state. *See* Calder v. Jones, 465 U.S. 783, 789–90 (1984). Here, Digital Light allegedly breached the contract by failing to provide payment to plaintiff on nine invoices and only partially paying on a tenth invoice. Digital Light directed at least three purchase orders to Wurth Electronics Midcom, Inc's Watertown, SD address. Digital Light directed payment specifically to Wurth Electronics Midcom, Inc., without mention of plaintiff's German affiliate or its address, after

6

receiving notification that plaintiff's address was in Watertown, SD. After plaintiff sent an invoice with only its South Dakota address listed, along with terms and conditions that provide South Dakota as the choice of law for the transaction, Digital Light, of its own initiative, continued to send purchase orders to plaintiff's South Dakota address. In this manner, Digital Light intentionally targeted the forum state. South Dakota law requires that products and services contracted for and used must be paid for in full. By withholding payment on the products delivered to it, Digital Light knew that the brunt of the injury would be felt by the plaintiff, who is headquartered in South Dakota. By this theory, plaintiff averred sufficient facts to meet the first three factors of this court's personal jurisdiction inquiry.

As a contract constitutes the basis of this controversy, this court may also utilize the minimum contacts analysis applicable to contract cases in order to ascertain whether personal jurisdiction is proper. In this analysis, the court must consider the parties' prior negotiations, contemplated future consequences, and actual course of dealings. St. Jude Med., Inc. v. Lifecare Int'l, Inc, 250 F.3d 587, 591 (8th Cir. 2001). Plaintiff alleges that Digital Light expected the design of the Pharox components to be conducted in Watertown, SD, both by having specific knowledge of this fact and by being in an agency relationship with Lemnis to produce the Pharox bulb. The parties would have contemplated that, as a part of their business relationship, Digital Light would need to pay plaintiff for any products Digital Light created based upon plaintiff's design and manufacture. Failure to pay plaintiff pursuant to terms, as alleged in the complaint, directly affects the plaintiff and its employees in South Dakota who designed the product, expecting payment in full.

Digital Light responds to the assertion of sufficient contacts with this jurisdiction by rightly asserting that "[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a [non-resident] and the forum state." Iowa Elec. Light & Power Co. v. Atlas Corp., 603 F.2d 1301, 1303 (8th Cir. 1979). This controversy is distinguishable from Iowa Elec., however. Here, according to plaintiff, the product of this transaction–the design element–was crafted in South Dakota under the knowledge and expectations of Digital Light. The company harmed by the alleged breach of contract is a South Dakota corporation. Plaintiff

provided exhibits indicating e-mails and purchase orders were sent to South Dakota by Digital Light acting on its own initiative. Thus, according to the affidavits and exhibits presented by the plaintiff, and taken in the light most favorable to the plaintiff, not "all elements of the defendant's performance . . . take place outside of the forum." Id. at 1303–04. Thus, the plaintiff averred sufficient facts by yet another theory to meet the first three factors of the personal jurisdiction inquiry.

As for the fourth and fifth factors, South Dakota has an "obvious interest in providing a forum in which its residents may litigate claims against non-residents." Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1389 (8th Cir. 1995). "A plaintiff normally is entitled to select the forum in which it will litigate." Id. Taken in the light most favorable to the plaintiff, the plaintiff is correct that, given the global nature of this proceeding, no single jurisdiction will be more convenient or have a greater interest in this controversy than South Dakota. This is especially the case considering Digital Light asserts no specific alternative to South Dakota jurisdiction for this proceeding. (Memo to Support Motion to Dismiss, Doc. #21, pp. 12–13.) The motion should be denied.

### III. ORDER

Based upon the foregoing,

IT IS ORDERED that defendants' motion, Doc. 18, to dismiss for lack of personal jurisdiction is denied.

Dated this 16th day of July, 2010.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

8